IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOYCE PIERCE,<br><br>　　Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY SCHOOL DISTRICT,<br><br>　　Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Joyce Pierce files this Complaint against Defendant Gwinnett County School District ("Defendant" or "GCSD"). Plaintiff shows the Court as follows:

## NATURE OF THE ACTION

1.　Plaintiff is currently employed by Defendant and works with special education students at Norcross High School. Plaintiff is a Track coach, former Head Coach of the Junior Varsity girls' basketball team, and former Assistant Coach of the Varsity girls' basketball team.

2.　In approximately February and March of 2018, Plaintiff complained regarding the discriminatory treatment she was enduring, and specifically

complained on March 2, 2018 that she was being discriminated against based on her race. Plaintiff, an African-American, was, among other things, being deprived of benefits and opportunities afforded to other coaches. The discriminatory treatment about which Plaintiff complained included the reduction of her coaching stipend, exclusion from communications regarding the basketball program, reduction and/or removal of the perks of her position (clothes, keys, meals), exclusion from a tournament, and termination from the Varsity girls' Assistant Coaching position.

3. Then, on May 30, 2018, Plaintiff was informed that she would no longer be coaching girls' basketball, including termination of her Head Coach position with the Junior Varsity team. No reason was given for Plaintiff's termination from the basketball program coaching staff. The Junior Varsity team Plaintiff coached had just won the championship.

4. Plaintiff later tried to transfer to another school but her transfer was blocked in further retaliation for her protected activity.

5. Defendant discriminated against Plaintiff based on her race and retaliated against her for engaging in protected activity.

6. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction over Plaintiff's Title VII and Section 1981 claims, pursuant to 28 U.S.C. § 1331.

8.      Pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1 (B)(3), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

9.      Plaintiff is a citizen of the United States of America and a resident of the State of Georgia; she submits herself to the jurisdiction of this Court.

10.     Defendant is a public school district organized under Georgia law, is a local governmental entity operating in Gwinnett County, Georgia, and has the capacity to be sued.

11.     Defendant is a covered employer under Title VII.

12.     Defendant may be served with process by service upon its Superintendent, Calvin Watts, at 437 Old Peachtree Road NW, Suwanee, Georgia 30024-2978.

## ADMINISTRATIVE EXHAUSTION

13. Plaintiff has satisfied all administrative prerequisites for bringing her Title VII claims in this court.

14. On October 5, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

15. On July 26, 2021, the EEOC issued a Notice of Right to Sue on Plaintiff's Charge of Discrimination.

## FACTUAL ALLEGATIONS

16. Plaintiff is an African-American female.

17. In approximately August 2015, Plaintiff began working at Norcross High School ("Norcross"), within GCSD. Plaintiff teaches special education classes at Norcross.

18. From approximately August 2015, until approximately early February 2018, Plaintiff was the Assistant Coach of the girls' Varsity Basketball team. From approximately August 2015 until on or about May 30, 2018, Plaintiff was Head Coach of the girls' Junior Varsity basketball team.

19. Additionally, Plaintiff coaches Track at Norcross.

20. Plaintiff brought years of experience in coaching to Norcross and had previously coached at other schools. In addition to Plaintiff's many years of experience, Norcross was Plaintiff's alma mater.

21. Plaintiff has a distinguished basketball career to include, among many accomplishments: (1) being awarded as the 1989 Gwinnett County Player of the Year when she played basketball for Norcross as a student; (2) holding the record for the most points in a game at Norcross; (3) being the first Georgia Tech player to receive a Kodak All American Honorable Mention; (4) holding a 22-year long Georgia Tech record for the second-most points scored in a season; (5) playing professionally in France with SPO Rouen; (6) being invited to the 1992 USA Basketball U.S. Olympic Team Trials; (6) playing on the USA Basketball U.S Junior National Team in 1992; and (7) playing on the USA Basketball U.S. Olympic Festival South team in 1990. Plaintiff was recently inducted into the Gwinnett County Sports Hall of Fame.

22. In approximately 2017, Norcross named Dani Wright ("Mrs. Wright") as the new Head Coach of the Varsity girls' basketball team. Mrs. Wright is white.

23. Shortly thereafter, Mrs. Wright hired her husband, David Wright ("Mr. Wright"), as an Assistant Coach to the Varsity team. Mr. Wright is also white.

24. Mr. Wright was also made the Head Coach of the Track team.

25. Plaintiff continued working as the Assistant Coach of the Varsity basketball team and the Head Coach of the Junior Varsity basketball team during the 2017-2018 basketball season.

26. After Mr. Wright was hired as an Assistant Coach, Mrs. Wright began to treat Plaintiff less favorably. Mrs. Wright took away some of Plaintiff's coaching responsibilities, as well as her benefits.

27. As examples of the discriminatory treatment: (a) Plaintiff's coaching stipend was reduced; (b) she was no longer included in communications regarding the basketball program; (c) the perks of her position (clothes, keys, meals) were reduced or removed; (d) she was not invited to a tournament; and (e) she was not reimbursed for expenses.

28. In approximately February 2017, Mr. Wright showed students a racist video regarding the Black Lives Matter movement during Black History Month. On information and belief, he did not receive any negative consequences for showing the video to students.

29. In approximately early February 2018, Plaintiff was replaced entirely on the Varsity basketball team by Mr. Wright, notwithstanding the fact that the

Junior Varsity team, which Plaintiff directly coached, recently won the championship for the 2017-2018 season.

30. In approximately February 2018, Plaintiff complained to Joyce Spraggs ("Ms. Spraggs"), Director of Equity & Compliance at Gwinnett County Public Schools, regarding the discriminatory treatment she was receiving.

31. Around this same time period, Plaintiff complained to the Norcross Athletic Director, Kirk Barton ("Mr. Barton"), that her stipend had been reduced.

32. Plaintiff was directed to meet with Norcross's principal, Will Bishop ("Mr. Bishop"). Mr. Bishop is white.

33. On February 19, 2018, Plaintiff met with Mr. Bishop and complained to him directly regarding the racial discrimination she was experiencing. Mr. Bishop told Plaintiff that she should not have made her race discrimination complaint to the county, specifically stating, "you should not have done that." Mr. Bishop claimed that he wanted to do some "homework" about Plaintiff's complaints.

34. On February 22, 2018, Plaintiff followed up with Mr. Bishop by email regarding her complaints. Mr. Bishop did not fully address all of Plaintiff's complaints, and instead only responded that he was working to correct the issues related to her stipend shortage. Shortly thereafter, Mr. Bishop visited Plaintiff's

7

classroom and informed her that she would receive a refund for the stipend shortage. Apart from refunding Plaintiff's stipend shortage and giving Plaintiff's Junior Varsity team a banquet, no further action was taken to address Plaintiff's complaints.

35. On or about March 2, 2018, Plaintiff met with Ms. Spraggs, and in opposition to the ongoing racial discrimination that she was being subjected to, specifically complained that (1) she was being discriminated against based on her race and (2) she was the only African-American coach on the all-white basketball coaching staff. Plaintiff further shared her fears of retaliation for opposing the discrimination.

36. On May 30, 2018, Mrs. Wright called Plaintiff and informed her that she would no longer be a coach for the basketball program at Norcross. Mrs. Wright did not provide a reason as to why Plaintiff would no longer be a basketball coach. The Junior Varsity team Plaintiff coached had just won the championship.

37. In approximately February or March 2019, Plaintiff was denied the opportunity to transfer to Collins Hill High School to teach and coach the girls' basketball team. On information and belief, Mr. Bishop denied Plaintiff's transfer. On information and belief, in approximately March 2019, Mr. and Mrs. Wright were allowed to transfer to a new school without issue.

38. Defendant denied Plaintiff a transfer in direct retaliation for her protected activity under Title VII and Section 1981.

39. Plaintiff's complaints, specifically including the complaints made in the February 19, 2018 meeting with Mr. Bishop, and the February 2018 and March 2, 2018 meetings with Ms. Spraggs, constituted protected activity under Title VII and Section 1981.

40. Defendant terminated Plaintiff from the basketball program, including terminating her as Head Coach of the Junior Varsity basketball team, in direct retaliation for Plaintiff's complaints of racial discrimination.

41. Defendant terminated Plaintiff from the basketball program, including terminating her as Head Coach of the Junior Varsity basketball team, because of her protected activity under Title VII and Section 1981.

42. Defendant's actions were willful, wanton, malicious and in reckless disregard for Plaintiff's rights under Title VII and Section 1981.

43. By terminating Plaintiff from the basketball program, including terminating her as Head Coach of the Junior Varsity basketball team, and refusing Plaintiff a transfer, because of Plaintiff's race, and/or because Plaintiff engaged in protected activity under Title VII and Section 1981, Defendant caused Plaintiff to

incur damages which include lost wages and benefits, emotional distress, inconvenience, mental anguish and loss of enjoyment of life.

## COUNT I
## DISCRIMINATORY TERMINATION
## IN VIOLATION OF TITLE VII

44. Defendant is a covered employer under Title VII.

45. Defendant discriminated against Plaintiff because of her race.

46. The discriminatory treatment of Plaintiff included reduction of her coaching stipend, exclusion from communications regarding the basketball program, removal or reduction of the perks of her position (clothes, keys, meals), exclusion from a tournament, denial of reimbursement from expenses, and termination of her coaching positions within the Norcross girls' basketball program.

47. Plaintiff specifically alleges that Defendant violated Title VII by terminating her from the basketball program and the Junior Varsity Head Coach position because of her race.

48. Defendant willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

49. Defendant's discriminatory actions against Plaintiff were taken in bad faith.

50. As a result of Defendant's discriminatory action against Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, humiliation and other indignities.

51. Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

**COUNT II**
**DISCRIMINATION ON THE BASIS OF RACE**
**IN VIOLATION OF SECTION 1981**
**(via 42 U.S.C § 1983)**

52. Plaintiff and Defendant were parties to an employment agreement pursuant to which, *inter alia*, Plaintiff performed work for Defendant and was compensated for her services.

53. Plaintiff performed her contractual obligations.

54. Defendant discriminated against Plaintiff because of her race in violation of 42 U.S.C. § 1981 ("Section 1981").

55. Plaintiff specifically alleges that Defendant violated Section 1981, by discriminating against Plaintiff based on her race in reducing her coaching stipend, removing or reducing the perks of her position (clothes, keys, meals), excluding her from a tournament, denying her reimbursement from expenses, and terminating

her from the basketball program, including terminating her as the Assistant Coach of the Varsity basketball team and terminating her as Head Coach of the Junior Varsity basketball team.

56. Defendant willfully and wantonly disregarded Plaintiff's rights under Section 1981 and acted in reckless disregard for Plaintiff's rights under Section 1981.

57. Defendant's discriminatory actions against Plaintiff were taken in bad faith.

58. Defendant's retaliatory conduct violates Section 1981 and 42 U.S.C. § 1983.

59. As a result of Defendant's discriminatory actions against Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, humiliation and other indignities.

60. Pursuant to Section 1981 and 42 U.S.C § 1983, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation, and all other relief recoverable under Section 1981.

## COUNT III
## <u>RETALIATORY TERMINATION IN VIOLATION OF TITLE VII</u>

61. Defendant is a covered employer under Title VII.

62. Title VII prohibits covered employers from retaliating against employees for engaging in protected activity, which includes opposing racial discrimination in the workplace and participating in EEOC proceedings.

63. While employed by Defendant, Plaintiff engaged in protected activity by complaining to both Mr. Bishop and Ms. Spraggs regarding the discriminatory treatment she was experiencing based on her race.

64. The discriminatory treatment of which Plaintiff complained included reduction of her coaching stipend, exclusion from communications regarding the basketball program, removal or reduction of the perks of her position (clothes, keys, meals), exclusion from a tournament, denial of reimbursement from expenses, and termination of her Assistant Coach position on the Varsity basketball team.

65. Plaintiff complained about this race discrimination multiple times to Ms. Spraggs, Director of Equity & Compliance at Gwinnett County Public Schools.  Plaintiff specifically made complaints regarding Mrs. Wright's discriminatory treatment in approximately February 2018 and on or about March 2, 2018.

66. Plaintiff also complained to Mr. Bishop, principal of Norcross regarding the racial discrimination she was experiencing. Specifically, Plaintiff met with Mr. Bishop on February 19, 2018 and followed-up via email on February 22, 2018.

67. On May 30, 2018, Defendant terminated Plaintiff from the basketball program, including terminating her Head Coach position with the Junior Varsity team, in retaliation for her complaints of racial discrimination.

68. Defendant's termination of Plaintiff from the basketball program, including terminating her position as Head Coach with the Junior Varsity team, was willful, wanton, malicious and in reckless disregard for Plaintiff's rights under Title VII.

69. Defendant's termination of Plaintiff from the basketball program, including terminating her position as Head Coach with the Junior Varsity team, caused her to incur damages, which include lost wages and benefits, emotional distress, inconvenience, mental anguish and loss of enjoyment of life.

70. Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT IV
## RETALIATORY TERMINATION IN VIOLATION OF SECTION 1981
### (via 42 U.S.C § 1983)

71. Plaintiff and Defendant were parties to an employment agreement pursuant to which, *inter alia*, Plaintiff performed work for Defendant and was compensated for her services.

72. Plaintiff performed her contractual obligations.

73. Section 1981 prohibits Defendant from retaliating against Plaintiff because she opposed, objected to, and complained about race discrimination prohibited by Section 1981.

74. Prior to Defendant's termination of Plaintiff from the basketball program, Plaintiff repeatedly engaged in protected activity under Section 1981, including complaints of racial discrimination on or about February 19, 2018, and March 2, 2018.

75. Plaintiff's complaints, specifically including the complaints made in the February 19, 2018 meeting with Mr. Bishop, and the February 2018 and March 2, 2018 meetings with Ms. Spraggs, constituted protected activity under Section 1981.

76. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating her from the basketball program, including the Head Coach position with the Junior Varsity basketball team.

77. Defendant's retaliatory conduct violates Section 1981 and 42 U.S.C. § 1983.

78. As a direct and proximate result of the unlawful actions of Defendant, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

79. Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and her federally protected rights.

80. Defendant's actions were willful, wanton, and intentionally directed to harm Plaintiff.

81. The actions of Defendant were reckless and were taken in willful disregard of the probable consequences of their actions.

82. Pursuant to Section 1981 and 42 U.S.C § 1983, Plaintiff is entitled to damages against Defendant including back pay and lost benefits, compensatory

damages, attorneys' fees and costs of litigation, and all other relief recoverable under Section 1981.

## COUNT V
## RETALIATORY DENIAL OF TRANFER IN VIOLATION OF § 1981
**(via 42 U.S.C § 1983)**

83.     Plaintiff and Defendant were parties to an employment agreement pursuant to which, *inter alia*, Plaintiff performed work for Defendant and was compensated for her services.

84.     Plaintiff performed her contractual obligations.

85.     Section 1981 prohibits Defendant from retaliating against Plaintiff because she opposed, objected to, and complained about race discrimination prohibited by Section 1981.

86.     Plaintiff's complaints, specifically including the complaints made in the February 19, 2018 meeting with Mr. Bishop, and the February 2018 and March 2, 2018 meetings with Ms. Spraggs, constituted protected activity under Section 1981.

87.     Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by, among other things, denying her the opportunity to transfer to Collins Hill High School.

88. Defendant's retaliatory conduct violates Section 1981 and 42 U.S.C. § 1983.

89. As a direct and proximate result of the unlawful actions of Defendant, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

90. Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, or additionally, and in the alternative, undertook their conduct recklessly with respect to Plaintiff and her federally protected rights.

91. The actions of Defendant were willful, wanton, and intentionally directed to harm Plaintiff.

92. The actions of Defendant were reckless and were taken in willful disregard of the probable consequences of their actions.

93. Pursuant to Section 1981 and 42 U.S.C § 1983, Plaintiff is entitled to damages against Defendant including back pay and lost benefits, compensatory damages, attorneys' fees and costs of litigation, and all other relief recoverable under Section 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

a) A declaratory judgment that Defendant's practices complained of herein violated Plaintiff's rights under Title VII and 42 U.S.C. § 1981 and 1983;

b) Full back pay from the date that Plaintiff was terminated from her coaching positions, taking into account all raises and other compensation to which Plaintiff would have been entitled but for Defendant's illegal actions, and all associated benefits of employment;

c) Front pay to compensate Plaintiff for lost future wages and benefits;

d) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, inconvenience, mental anguish, and loss of enjoyment of life;

e) Interest;

f) Reasonable attorneys' fees and costs; and

g) Other and further relief as the Court deems just and proper.

Dated this 20th day of August 2021.

                                Respectfully submitted,

                                */s/ Justin M. Scott*
                                Justin M. Scott
                                Georgia Bar No. 557463
                                Michael D. Forrest
                                Georgia Bar No. 974300
                                SCOTT EMPLOYMENT LAW, P.C.
                                160 Clairemont Avenue, Suite 610
                                Decatur, Georgia 30030
                                Telephone: 678.780.4880
                                Facsimile: 478.575.2590
                                jscott@scottemploymentlaw.com
                                mforrest@scottemploymentlaw.com